UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :

UNITED STATES OF AMERICA
                                                             :     CONSENT PRELIMINARY ORDER
         - v. -                                          OF FORFEITURE AS TO SPECIFIC
                                                             :     PROPERTY AND SUBSTITUTE
FAROUK KUKOYI,                              ASSETS/MONEY JUDGMENT
        a/k/a "Face,"                           :
                                                                       S1 20 Cr. 3 (KPF)

                    Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about March 24, 2021, FAROUK KUKOYI (the "Defendant"), was charged in five-count Superseding Information S1 20 Cr. 3 (KPF) (the "Information"), with conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (b), and 2 (Count Three); conspiracy to commit identification document fraud, in violation of Title 18, United States Code, Sections 1028(f), (a)(1) and (b)(1)(A)(ii) (Count Four); and access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Two of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), of any and all property constituting, or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count Four of the Information, and any and all personal property used, or intended to be used to commit the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, the Information included a fourth forfeiture allegation as to Count Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting, or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count Five of the Information, and any and all personal property used, or intended to be used to commit the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property is unable to

be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about March 24, 2021, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, Four, and Five of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(a)(2)(B), a sum of money in United States currency, representing proceeds traceable to the commission of offenses alleged in Counts One, Four, and Five of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency, representing the property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,498,514.92 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable to the following extent:

(i) $157,503 with co-defendant Jimoh Aderomilehin, and with co-defendant Baldwin Osuji ("Osuji"), to the extent a forfeiture money judgment is entered against Osuji in this case;

(ii) $497,785 with co-defendants Anthony Lee Nelson ("Nelson") and Joshua Hicks ("Hicks");

(iii) $40,700 with co-defendant Nelson;

(iv) $305,497 with co-defendant Nelson, and with co-defendant Ibrahima Doukoure ("Doukoure"), to the extent a forfeiture money judgment is entered against Doukoure in this case; and

(v) $854,999 with co-defendants Nelson and Hicks, of which $87,000 is also joint and several with co-defendant Muhammed Bashorun; and

3

  (vi) $642,030.92 for which no joint and several liability applies;

(the "Joint and Several Liability Schedule");

  WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the following specific property seized pursuant to warrants issued on or about November 25, 2019 by the Hon. Deborah L. Barnes, United States Magistrate Judge for the Eastern District of California, which constitute proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained:

1. $191,028.98 in United States currency from account number 1582000335 in the name of Heritage Title LLC, at Woodforest National Bank in Manassas, VA;

2. $2,045.00 in United States currency from account number 446041564075 in the name of POS Supply LLC, at Bank of America in Stafford, VA;

3. $8,938.15 in United States currency from account 446043983777, in the name of Accrued Equities Inc. LLC, at Bank of America in Stafford, VA;

4. $1,096.00 in United States currency from account number 0005250476258, in the name of Bishop World Studios LLC, at BB&T Bank in Stafford, VA;

5. $71,644.00 in United States currency from account number 0005251362418, in the name of King Metal Fencing LLC, at BB&T Bank in Stafford, VA

6. $10,911.00 in United States currency from account number 0005252166981, in the name of POS Supply LLC, at BB&T Bank in Stafford, VA

7. $272.85 in United States currency from account number 7018534326, in the name of Stephanie Ross, at Navy Federal Credit Union in Vienna, VA

8. $194,019.75 in United States currency from account number 446035153337, in the name of Elegant Title LLC, at Bank of America in Stafford, VA

9.  $42,967.00 in United States currency from account number 1000246459696, in the name of POS Supply LLC, at SunTrust Bank in Stafford, VA

10. $20,740.30 in United States currency from account number 1000258808608, in the name of Gwill Concepts LLC, at SunTrust Bank in Stafford, VA

11. $59,860.00 in United States currency from account number 85412094, in the name of AK Property Investments, at United Bank in Stafford, VA;

12. $46,734.24 in United States currency from account number 1000245800908 in the name of Bishop World Studios LLC, at SunTrust Bank in Stafford, VA;

13. $187,600.00 in United States currency from account number 4367562696 in the name of Inspire Granites and Stones LLC, at TD Bank in Manassas, VA;

14. $92,951.60 in United States currency from account number 5354536294, in the name of AK Property Investments, at PNC Bank in Manassas, VA;

15. $472.50 in United States currency from account number 375021111739, in the name of Bishop World Studios LLC, at Bank of America in Stafford, VA; and

16. $41,670.76 in United States currency from account number 440635204383, in the name of Front Paige Events LLC, at Bank of America in Stafford, VA;

(1. through 16., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the Government has identified the following property of the Defendant to be forfeited as substitute assets pursuant to Title 21, United States Code, Section 853(p):

    (a)    $8,325 in United States currency, seized on or about December 10, 2019 from a residence in Beltsville, MD; and

    (b)    The following jewelry, seized on or about December 10, 2019 from a residence in Beltsville, MD:

        1.    One necklace, 10kt yellow gold diamond tennis, with pave diamond "FACE" pendant;

        2.    One men's Rolex wristwatch, stainless steel and 18kt yellow gold Oyster Perpetual Datejust with a non-Rolex bezel set with 52 diamonds, serial number 7101570;

        3.    One chain, chunky link 18kt yellow and white gold, with 10kt yellow gold and diamond Arabic "Allah" pendant, pave set with 290 round full-cut diamonds;

        4.    One chain, 18kt yellow gold hollow curb link, measuring 34 inches long by 9.5 mm wide;

        5.    One ring, 18kt yellow gold 13.5mm wide "chain link" with tiny white gold screw head detail;

        6.    One bracelet, 18kt yellow gold hollow curb, measuring 9 inches long by 9.5 mm wide;

        7.    One bracelet, 10kt yellow gold 8.5 inch long diamond tennis, set in 4-prong illusion settings with 57 round 2.2mm full-cut diamonds;

        8.    One single earring, 14kt yellow gold round pave diamond, measuring 7.5mm diameter, pave-set with 19 round full-cut diamonds; and

((a) and (b)1. through (b)8., collectively, the "Substitute Assets");

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title, and interest in the Substitute Assets; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

6

entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Alexander Li and Thomas Burnett, of counsel, and the Defendant and his counsel, Eric W. Siegle, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four, and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,498,514.92 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable with some of his co-defendants as set forth in the Joint and Several Liability Schedule, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One, Two, Four, and Five of the Information, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property and the Substitute Assets are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant FAROUK KUKOYI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury, or its designee shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and Substitute Assets, and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property or Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property or

-
-

Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property or Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property or Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property and Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of further substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____         7/18/23
ALEXANDER LI                          DATE
THOMAS BURNETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2265/1064


FAROUK KUKOYI

By: _____         7/18/23
FAROUK KUKOYI                         DATE

By: _____         7/18/23
ERIC W. SIEGLE ESQ.                   DATE
Attorney for Defendant
217 Broadway, Suite 611
New York, New York 10007


SO ORDERED:

_____             7/18/2023
HONORABLE KATHERINE POLK FAILLA       DATE
UNITED STATES DISTRICT JUDGE

10