BRIAN MIDDLEBROOK
BMIDDLEBROOK@GRSM.COM
DIRECT DIAL: (212) 453-0708



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

October 3, 2023

**VIA E-MAIL AND CM/ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re:   *United States of America v. Farouk Kukoyi, a/k/a "Face"*;
       Case No. 20-cr-00003 (KPF)
       Agreed Letter-Motion re Petition for Ancillary Hearing

Dear Hon. Katherine Polk Failla:

My firm represents Lexington Insurance Company ("Lexington"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), and Greenwich Insurance Company ("Greenwich"), (collectively the "Insurers"), subrogees of an insured identified as "Victim-29" in this action. Insurers are contemporaneously filing a Petition for Ancillary Hearing, pursuant to 21 U.S.C. § 853(n), to adjudicate their interest in forfeited funds and assets derived from a fraud perpetrated by Farouk Kukoyi ("Kukoyi") and his co-conspirators on Victim-29. Victim-29 has requested that it not be publicly identified as a victim in this action and that it continue to be referred to by the pseudonym "Victim-29."

In order to respect Victim-29's privacy, the Insurers are, with the U.S. Attorney's agreement, referring to Victim-29 as "Victim-29" in their Petition for Ancillary Hearing. In addition, at Victim-29's request, and with the U.S. Attorney's agreement, the Insurers seek leave to file the exhibits to their petition under seal in order to continue to respect Victim-29's privacy and the privacy of its vendor, or in the alternative, if the Court is not amenable to this relief, for leave to apply redactions to the exhibits or to hold the exhibits until such time as their petition may be heard.

The Second Circuit permits a document to be sealed, provided the court follow four steps: (1) make a determination that "there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party which closure would prevent." "Compelling interests may include…privacy interests of the defendant, victims or other persons.; (2) consider

October 3, 2023
Page 2

whether there are reasonable alternatives to protect the compelling interest; (3) consider whether absent reasonable alternatives the compelling interest overrides the qualified First Amendment right of access; and (4) if closure is warranted, devise a closure order narrowly tailored to that interest. *United States v. Rajaratnam*, 708 F. Supp. 2d 371, 375 (S.D.N.Y. 2010), citing *United States v. Doe,* 63 F.3d 121, 128 (2d Cir.1995); *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 14 (1986). Here, Victim-29, as one of the victims of the defendants' crimes, has a compelling interest in privacy, which this Court has already protected through entry of a protective order in this action (ECF 54). Furthermore, the Insurers' request is narrowly tailored to four exhibits, the disclosure of which will impede Victim-29 and its vendor's privacy interests. To the extent this Court determines that sealing the exhibits is not sufficiently narrowly tailored, the Insurers seek leave to provide proposed redactions protecting Victim-29 and its vendor's identity or to provide the exhibits at such time that their petition is to be heard by this Court.

    Thank you for your consideration of this matter.

                            Sincerely,

                            /s/*Brian Middlebrook*
                            Brian Middlebrook

CC: All counsel of record via CM/ECF.

```
Application GRANTED.  The Clerk of Court is directed to
terminate the pending motion at docket entry 480.
```

```
                                    SO ORDERED.

Dated:    October 5, 2023
          New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```